78

In the Matter of the SEARCH OF a RES-IDENCE WHICH IS SITUATED ON A CUL–DE–SAC AT 14905 FRANKLIN DRIVE, BROOKFIELD, WISCONSIN. 53005 and is a ranch style building, blue-gray in color, with some slate rock on the front of the structure and a garage attached to it; and A building housing a business known as Elmbrook Refrigeration Inc., 2100 Enterprise Avenue, Brookfield, Wisconsin 53005 (described as a two-story light colored, cinder block building).

Nos. 88–14M, 88–15M.

United States District Court,
E.D. Wisconsin.

June 28, 1988.

William J. Mulligan, William Sosany, Mulcahy & Wherry, S.C., Milwaukee, Wis., for William Grady, Judy Grady and Elmbrook Refrigeration, Inc.

Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., for the U.S.

DECISION AND ORDER

AARON E. GOODSTEIN, United States Magistrate.

On January 26, 1988, this court issued two search warrants in the above-entitled matters. The warrants were executed and returned the following day. On that day, pursuant to the government's motion, and for good cause shown, this court sealed the applications in support of both warrants for a period not to exceed sixty days. On March 22, 1988, the sealing order was continued for an additional sixty days on the government's motion.

Pending before the court is a motion to unseal the applications filed by petitioners William J. Grady, Judy Grady and Elmbrook Refrigeration. Petitioners contend that they are the parties "aggrieved" by

the search and need to review the applications so as to determine whether or not to bring a motion for return of property pursuant to Rule 41 Fed.R.Crim.P.

The government opposes the motion for disclosure, and has filed a motion to have the applications sealed for an additional sixty days, nunc pro tunc to May 24, 1988. The government's opposition is multi-leveled. At the threshold level, it claims that the magistrate has no authority to order an application unsealed. Secondly, the government contends that the petitioners lack standing to bring their motion. On a substantive level, the government, for various reasons, submits that petitioners have no need to seek a return of the seized property.

In an effort to resolve this matter, this court held a hearing on June 20, 1988. In addition, both parties have submitted written briefs. Finally, as regards the government's motion to seal, it submitted a supplemental affidavit on June 13, 1988.

DISCUSSION

■ This court is of the opinion that it has authority to consider and grant or deny the motion. Rule 41(a) authorizes a federal magistrate to issue a search warrant. Rule 41(d) provides that the return of the executed warrant is to be made before the magistrate who, in turn, according to Rule 41(g), "shall attach to the warrant a copy of the return, inventory and all other papers in connection therewith and shall file them with the clerk of district court ..."

It is clear from a reading of Rule 41(g) that upon the warrant's return, all papers "in connection therewith" are to be filed with the clerk, *i.e.* made public. This obviously includes the application or affidavit in support of the warrant, as this document is an integral part of the warrant process.

The authority to seal any or all of these documents is not found in Rule 41, but lies within discretion inherently vested in the court. See, *e.g. In re Sealed (Affidavits) to Search Warrants Executed on February 14, 1979 v. Agosto*, 600 F.2d 1256, 1257 (9th Cir.1979). As to the procedure for exercising this authority, local rule 5.06 (E.D.Wis.) provides that the "judge or mag-

istrate" is empowered to enter a sealing order.

Such a procedure was followed in this case when the government, at the time the warrant was returned, requested that the magistrate enter a sealing order. For the government to now advance the proposition that the magistrate, or any judicial officer, has no authority to order the documents he has sealed, unsealed, is untenable. The power to unseal is concomitant to the authority to seal. If this were not so, granting a motion to seal would be an irrevocable act. Similarly, the government's companion argument, that once the magistrate seals the application, it can only be unsealed by the district judge, fails to find support in either local rule 5.06 or in the language of the sealing order entered in this case.

■ Next, this court finds that the petitioners have standing to bring their motion. Rule 41(c) states that "[a] person aggrieved by an unlawful search and seizure may move ... for the return of the property." Since the warrants authorized a search of the Gradys' residence and a business in which they were involved, they are certainly "aggrieved" persons. It logically follows that in order for the petitioners to challenge the lawfulness of the search, it is necessary to review the applications upon which the warrants authorizing the search were based.

Turning to the substantive issue of whether the applications should now be unsealed, the government contends that the petitioners have no need for the requested information at this time. First, access to all of the seized documents has been made available to petitioners, and copies can be obtained from the government. Secondly, a civil action, *United States v. Elmbrook Refrigeration, Inc., et al.*, case no. 88–C–138 (E.D.Wis.) has been commenced in this district. The government has brought various claims against petitioners and that civil case, ostensibly, involves many of the seized documents. The district court, on stipulation of the parties, has stayed all action in that case including

discovery until the completion of criminal proceedings.

█ The government's emphasis on the petitioner's alleged lack of need for the property seized misdirects the approach to be taken. This court starts with the well accepted premise that all judicial proceedings are open to the public. Therefore, the burden is on the party wanting to close a portion of the proceedings to establish good cause for so doing. The court must then balance the government's need for confidentiality against the petitioners' right to know.

Parenthetically, there are certain proceedings which have been given a statutory veil of confidentiality such as grand jury proceedings. See Rule 6 Fed.R.Civ.P. There, the requirement for secrecy prevents premature disclosure of grand jury action, protects witnesses and avoids having a stigma of guilt placed on innocent persons. However, the initial closure in this matter arose not from Rule 6, but from the court's inherent power to control documents filed with the court.

█ As stated earlier, this court requested that the government supplement the reasons in support of its pending motion to seal. At the hearing, this court indicated that the government's reasons for a continuation of confidentiality had started to wear thin, especially after almost 150 days. The court has now reviewed the supplemental affidavit and finds that it contains good cause to continue the sealing order.

While it would compromise the government's need for confidentiality to publicly reveal such reasons, the court is persuaded that the government is entitled to an additional period of secrecy.

Notwithstanding, the petitioners should not be kept in the dark any longer than is necessary. After all, it was their residence and business that was searched. They have a right to know what information is contained in the applications in order to determine whether or not they wish to pursue a return of the seized property. Therefore, after balancing the competing interests of the parties, this court will extend the sealing order for a limited period of time. In so doing, the government is placed on notice that this may well be the last extension of the sealing order for the grounds presented.

THEREFORE, IT IS ORDERED,

1. That the petitioners' motion to unseal the applications in support of the search warrant is DENIED without prejudice; and

2. The government's motion to seal is GRANTED for an additional sixty (60) days nunc pro tunc to May 24, 1988.